UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINA C. RELENTE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VIATOR, INC.,<br><br>    Defendant. | Case No.  12-cv-05868-JD<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT AND CONDITIONALLY CERTIFYING CLASS**<br><br>Re: Dkt. No. 63 |

The parties in this case have jointly asked the Court for preliminary approval of a class action settlement and certification of a class solely for purposes of the proposed settlement. Dkt. No. 63. Having held a hearing on October 30, 2014, the Court grants the motion, reserving final approval of the settlement for consideration down the road.

**INTRODUCTION**

Plaintiff Rosalina Relente sued defendant Viator in California state court on October 16, 2012; the case was removed to this Court a month later. *See* Dkt. No. 1. Viator is a company that advertises "tours and other experiences" using its website and apps. Sitkin Decl. ¶ 3, Dkt. No. 65. Relente, later joined by a co-plaintiff, Travis Anderson, alleged that Viator listed some tours with "strike-through prices" -- a superseded price with a line through it -- thereby misleading consumers about the extent to which the sale price was discounted. *Id.* According to the operative complaint, plaintiffs' claims were brought on behalf of themselves as well as a putative class consisting of "[a]ll persons who have purchased a tour from Viator." Second Am. Compl. ¶ 11, Dkt. No. 30.

The class that the parties propose to certify for purposes of the settlement is narrower: it comprises "[a]ll persons who purchased a Viator tour worldwide using a California billing address

from October 16, 2008 through June 7, 2014 when a Strikethrough Price was displayed with no Special Offer Text." Proposed Settlement § 3.1, Dkt. No. 63-1. ("Special Offer Text" is defined to mean text "describing the basis for, extent of, and/or parameters for a special or a Strikethrough Price displayed for a Viator product." *Id.* § 2.23.) Under the terms of the proposed settlement, Viator will be subject to a permanent injunction requiring it to include a description of the basis for a strike-through price whenever it lists one on its website or apps. *Id.* § 5. In addition, the settlement provides for a $515,000 settlement fund, to be divided between the class members based on how much they paid for their tour. *Id.* § 2.5. Viator's records suggest that there are about 16,645 consumers in the proposed class, meaning that the settlement works out to an average of $30.94 per class member. Klein Decl. ¶ 4, Dkt. 67.

The members of the proposed class would release Viator from

> any and all liabilities, claims, cross-claims, causes of action, rights, actions suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that were or could have been alleged against any of the Released Persons in the Action, that relate to the advertising of tours ('Released Claims'). The Release shall have no effect on any claims arising after June 7, 2014.

Proposed Settlement § 8.1, Dkt. No. 63-1.

Class counsel plans to apply for attorneys' fees of $500,000 and costs of $35,000. *Id.* § 9.1. They will also seek an enhancement of no more than $5,000 for Relente and no more than $3,500 for Anderson. *Id.* Viator is free to object to these awards. *Id.* The settlement administrator estimates that its costs of administering the settlement will be approximately $77,261. Kaufman Decl. ¶ 2, Dkt. No. 66. Any attorneys' fees and costs, named plaintiff enhancements, and administrator costs will be paid by Viator, and will not come out of the settlement fund. Dkt. No. 63 at 6.

Notice of the settlement will be sent to the class members by email; if the email bounces, the settlement administrator will send notice to that class member by postcard. Proposed Settlement § 4.1.2, Dkt. No. 63-1. Parties will receive an award from the settlement -- and be

bound by the release -- if they do nothing or if they object. *Id.* § 4.2.1. Class members can also forego their settlement award, but retain the legal rights described in the release, if they exclude themselves. *Id.* At the preliminary approval hearing, the parties agreed that class members would be able to exclude themselves not only by mail, but also by email; the parties have submitted a revised notice that provides for email exclusions. Dkt. No. 74-1 at 6. If settlement class members do not cash their checks within ninety days, the award to that class member will be redistributed to the other members of the class if it would result in a payment of over $5 per check. Proposed Settlement § 6.2.3, Dkt. No. 63-1. If any funds remain after this process, they will be distributed to the Enforcement Division of the California Attorney General's Office to be used for consumer education and enforcement regarding false advertising in the travel industry. *Id.* § 6.3. No portion of the settlement fund will revert to Viator. *Id.*

## DISCUSSION

### A. Preliminary Approval

Because class actions present the risk that the named parties will negotiate a bad deal for the absent members of the class, the Federal Rules of Civil Procedure require that any settlement that binds class members must be approved by a court. Fed. R. Civ. P. 23(e)(2). The Court's approval involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted. *See Browning v. Yahoo! Inc.*, No. 04-cv-01463-HRL, 2006 WL 3826714, at *4 (N.D. Cal. Dec. 27, 2006) (internal quotes and citations omitted). As the Court discussed with the parties at the hearing on preliminary approval, the substantive terms of the settlement appear to be fair, reasonable, and adequate, with no red flags that would preclude preliminary approval. As set forth below, a final fairness hearing will be set for March 25, 2015, where, among other things, the Court will have a chance to consider any objections from members of the proposed class before making a final decision on whether to approve the proposed settlement.

### B. Conditional Certification of Class

Preliminary approval of the settlement also requires conditionally approving the class,

3

which the parties agree is to be solely for purposes of entering this settlement. In order to do so, it must be the case that the class is so numerous that joinder of all members is impracticable (the requirement of "numerosity"), there are questions of law or fact common to the class ("commonality"), the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and the representative parties will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a). In addition, questions of law or fact common to class members must predominate over any questions affecting only individual members ("predominance"), and a class action must be superior to other available methods for fairly and efficiently adjudicating the controversy ("superiority"). Fed. R. Civ. P. 23(b)(3).

The Court preliminary finds that these requirements have been met. The numerosity requirement has been met because the number of people in the proposed class -- estimated at 16,645 Viator customers -- is too large to join each member as a plaintiff. The commonality requirement has been met because each of the members of the proposed class was exposed to a strike-through price without explanatory text -- the basis for the false advertising allegations here. The typicality requirement has been met because the named plaintiffs' claims are based around the same allegations of false advertising, and therefore the "interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992). The adequacy requirement is met because there is no indication of any conflicts of interest between the named plaintiffs and the absent class members, and because plaintiffs' counsel appear to be well-qualified to serve as class counsel. *See* Sitkin Decl. ¶ 3, Dkt. No. 64; *Fraser v. Asus Computer Int'l*, No. 12-cv-00652-WHA, 2013 WL 621929, at *2 (N.D. Cal. Feb. 19, 2013). For the same reason, the Court finds that plaintiffs' counsel are adequate under Rule 23(g)(1) and (4), and appoints them as class counsel.

The predominance requirement is met because the common class-wide issues -- whether Viator's strike-through prices constituted unlawful false advertising -- predominate over individual differences, especially given the fact that the class is restricted to those with California billing addresses and is therefore less likely to involve class members with claims arising under the laws of other states. Finally, the superiority requirement is met because "recovery on an

individual basis would be dwarfed by the cost of litigating on an individual basis," as would likely be the case here. *See Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

**C. Notice**

The parties' notice to class members, Dkt. No. 63-1, Exs. B-D, as modified by the parties' subsequent stipulation adding the option of opting out via email, Dkt. No. 74, is approved with the following changes:

1. **Exhibit B**

   1. Page 1: Change "**You Are Entitled to a Cash Payment from a Class Action Settlement.**" to "**Your Right to Sue Viator Based On How It Advertised Its Tours Will Soon be Extinguished in Favor of a Settlement.**"
   2. Page 1: The last paragraph will be modified as follows (added text is underlined and bolded): "Under a proposed class action settlement, **unless you exclude yourself,** you are entitled to receive a payment that will be based on the amount you paid for your tour**, but will give up your right to sue Viator over how it advertised its tours**. **If you do exclude yourself, you will not be entitled to receive a payment under this settlement, but will retain your right to sue Viator**."
   3. Page 2: The following text will be added at the end of the second paragraph: "If you wish to exclude yourself from the Settlement Class, you must act promptly as explained in the Detailed Notice at the website below."

2. **Exhibit C**

   The parties will make the same changes described above to Exhibit C.

3. **Exhibit D**

   1. Page 1: Change the bolded text at the top to "**If you purchased a tour from Viator between October 16, 2008, and June 7, 2014, that was advertised as discounted with no text describing the discount, your right to sue Viator based on how it advertised its tours will soon be extinguished in favor of a settlement.**"
   2. Page 5: Make the following changes (deleted text is stricken through, while added text is bolded and underlined): "Unless you choose to exclude yourself, you will remain in the Settlement Class, and that means that you are eligible to seek a cash payment, but can't sue, continue to sue, or be part of any other lawsuit against Viator about the legal claims ~~in *this* case~~ **relating to the advertising of tours that were or could have been brought in this case, even if you don't know about those claims at this time**."
   3. Page 6: Throughout, change "the legal claims in this case" to "how Viator advertised its tours."
   4. Page 9: Change "the claims in *this* case" to "how Viator advertised its tours."

5

The parties may make further minor, non-substantive changes to the notice without approval from the Court.

### 4. Case Schedule

The Court sets the following dates for the case:

| Event | Recommended Deadline |
|---|---|
| Individual class notice emailed and publication notice through website | 12/18/14 |
| Last day for class members to mail requests for exclusion | 2/9/15 |
| Last day for class members to file objections | 2/9/15 |
| Class counsel to file petition for award of attorneys' fees and reimbursement of expenses | 2/18/15 |
| Viator to file opposition to class counsel's request for award of attorneys' fees and costs | 3/4/15 |
| Class counsel to file reply in support of award for attorneys' fees | 3/11/15 |
| Parties to file joint motion for final approval of settlement | 3/11/15 |
| Filing deadline for responses to objections | 3/11/15 |
| Last date for notices of intention to appear to be received | 3/11/15 |
| Viator to file declaration that notice plan was carried out | 3/18/15 |
| Final approval hearing | 3/25/15 at 10:00 a.m. |

**IT IS SO ORDERED**.

Dated: November 14, 2014

_____
JAMES DONATO
United States District Judge

6