UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINA C. RELENTE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>VIATOR, INC.,<br><br>  Defendant. | Case No. 12-cv-05868-JD<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 98 |

On April 1, 2015, the Court held a hearing regarding the final approval of the proposed class action settlement entered into between the parties. The Court previously granted preliminary approval of the settlement. *See* Dkt. No. 76. After carefully considering the proposed class action settlement, the Court grants final approval. A separate order will address plaintiffs' counsel's motion for attorney's fees.

**INTRODUCTION**

The facts as alleged in this case were set out in the Court's order granting preliminary approval of the proposed settlement. *See* Dkt. No. 76. To recap, the plaintiffs, Rosalina Relente and Travis Anderson, allege that Viator, a company that markets and sells "tours and experiences" through its website, displayed some tours with a "strike-through price" -- a price with a line running through it to convey the fact that it was superseded. *See* Sitkin Decl. ¶ 4, Dkt. No. 80. Plaintiffs claimed that these strike-through prices misled consumers about the amount by which the tours' prices were discounted. *See id.*

The terms of the proposed settlement are straightforward. The class of customers who would be covered by the settlement, unless they opt out, consists of:

> All persons who purchased a Viator tour worldwide using a California billing address from October 16, 2008 through June 7, 2014 when a Strikethrough Price was displayed with no Special

Offer Text.

Proposed Settlement ¶ 3.1, Dkt. No. 63-1.  The "special offer text" refers to an explanation on the website of the basis for the strikethrough price.  *Id.* § 2.23.

Under the terms of the proposed settlement, Viator will be subject to a permanent injunction requiring it to include a description of the basis for a strike-through price whenever it lists one on its website or apps.  *Id.* § 5.  In addition, the settlement provides for a $515,000 settlement fund, to be divided between the class members based on how much they paid for their tour.  *Id.* § 2.5.  There are 16,637 class members, resulting in an average payout of $30.96.  *See* Lake Decl. ¶ 5, Dkt. No. 100.  None of the settlement fund reverts to Viator.

The members of the proposed class would release Viator from:

> any and all liabilities, claims, cross-claims, causes of action, rights, actions suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that were or could have been alleged against any of the Released Persons in the Action, that relate to the advertising of tours ('Released Claims'). The Release shall have no effect on any claims arising after June 7, 2014.

Proposed Settlement § 8.1.

In addition, Viator will be subject to a permanent injunction requiring it to include a description of the basis for a strike-through price whenever it lists one on its website or apps.  *Id.* § 5.

Notice was provided in the form of a website, Lake Decl. ¶ 6, emails to the class members, *id.* ¶ 7, and postcards to those class members whose email notice bounced, *id.* ¶ 9.  The emails were tested to avoid being caught by spam filters.  *Id.* ¶ 7.  The postcard notice was used for 664 potential class members, and 32 were returned as undeliverable.  *Id.* ¶ 9.  There have been eight requests for exclusion from the settlement and no objections.  *Id.* ¶ 10.

## LEGAL STANDARD

"The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  Court approval generally

involves a two-step process: (1) preliminary approval of the settlement; and (2) following a notice period to the class, final approval of the settlement at a fairness hearing. *See Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 525 (C.D. Cal. 2004). The Court may issue final approval of a class settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011).

## DISCUSSION

In assessing the fairness and adequacy of the proposed settlement, the Court must look at a number of factors, including (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of the class members to the proposed settlement. *See Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

With respect to prongs one through four, although the parties have not provided much information regarding the specific strengths and weaknesses in this case, the Court believes that the relief the class would get in light of the risks they face is reasonable. The complaint sought restitution for the amounts the putative class members paid for tours, which ranged from $10.79 to $4,025. Klein Decl. ¶ 4, Dkt. No. 67. Compared to these payments, the average recovery from the settlement, which is slightly in excess of $30, does not appear overly meager when combined with the fact that the permanent injunction required by the settlement appears to eliminate the "strike-through price" problem in the future.

With respect to the likelihood of maintaining class action status, the parties point to the difficulties in deciding on a class-wide basis whether California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, was violated by strike-through prices, noting that the reliance and injury to class members may require determination on an individualized basis.

As for discovery, the parties exchanged a large amount of written discovery, took the depositions of the named plaintiffs and Viator's corporate representative, and interviewed Viator's

customers and competitors.  *See* Sitkin Decl. ¶¶ 12-13, 16, Dkt. No. 65.  Counsel, as is usual in class action settlements, support the settlement.  And significantly, no class members have objected to the class action settlement.  Indeed, plaintiff's counsel claim that they received only positive feedback.  Sitkin Decl. ¶ 3, Dkt. No. 99.  In light of all these factors, the Court finds the proposed settlement far, reasonable, adequate, and just, and grants final approval.

**IT IS SO ORDERED.**

Dated: May 4, 2015

_____
JAMES DONATO
United States District Judge